PER CURIAM:
Claimant brought this action to recover damages to her 1990 Chevrolet Camaro which occurred on January 15, 1994, on January 22, 1994. Claimant was not definite about the date. Claimant’s vehicle sustained damages in the amount of $197.05.
The evidence adduced at the hearing of this claim established that claimant was driving her automobile northbound on 1-77 near the Tuppers Creek Exit. She was driving approximately 60 miles per hour when her automobile went into a large hole on the Tuppers Creek bridge. It was approximately 12:00 p.m. to 1:00 p.m., when the incident occurred. There were no warning signs indicating a bump or other defect on the bridge. Claimant noticed problems with steering her automobile, and took her automobile to a repair place approximately a week and a half after the incident. She had to replace two tires and have her vehicle realigned. She also experienced transmission leaks which were repaired. She had traveled across the bridge approximately a week prior to this accident, but the bridge was covered with snow and claimant was unable to see any problem with the bridge surface.
Respondent’s maintenance crew supervisor for this section of the interstate, David Fisher, testified that respondent’s crews were involved in snow removal and ice control operations during January 1994. This particular bridge had problems with holes for the length of the bridge, and respondent began permanent repairs to the bridge within three to four days after claimant’s accident. Temporary patching material known as cold mix was used on the bridge prior to the construction. No signs were placed to warn the traveling public of the defective condition of the bridge deck.
Although the Court is aware of the severe winter weather conditions during January 1994, and that respondent had to use its crews for snow removal and ice control, it appears to the Court that respondent was aware of the severe condition of the bridge deck on the Tuppers Creek bridge. Respondent had no obligation to the traveling public on an interstate to place warning sings so that drivers, having been warned, had an opportunity to reduce the speed of their vehicles. The Court is of the opinion that respondent’s failure to place such signs constitutes negligence, which was the proximate cause of the damages to claimant’s vehicle.
For these reasons, the Court is of the opinion to and does make an award to the claimant in the amount of $197.05.
*121 Award of $197,085.